[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR UPWARD MODIFICATION (NO. 116), MOTION FOR DOWNWARD MODIFICATION (NO. 117) AND MOTION FOR ATTORNEY'S FEES (NO. 122)
This case comes to this court where the parties, in essence, have asked for contrary relief. The wife has asked for an increase in her payments and the husband has asked for a decrease. In addition, the wife has requested attorney's fees.
This case came to this court in November of 1988. A dissolution of marriage was entered on April 12, 1989 by the Honorable Barbara Coppeto who incorporated the April 12, 1989 agreement of the parties into the order of the court. At that time the parties lived in Connecticut, and the wife and husband were given joint custody with physical custody of the minor children to the wife.
Article five of the agreement provided that the husband was to pay unallocated alimony and support in the sum of $3,600.00 per month on the first and 15th of each month. Certain trigger items were there to terminate the alimony, none of which has occurred.
The husband's income at the time of the dissolution was evidenced in a financial affidavit dated April 7, 1989. His gross wages were $1,923.00 per week and his net income was $1,185.54. The wife was earning at that time a gross monthly salary of $1,357.00 with a monthly income net of $988.00. In order to compare apples to apples, the wife's income was approximately $230.00 per week (exclusive of the husband's payments).
The husband made some substantial money between the CT Page 6599 date of the dissolution and the hearing on this matter in May of 1992. He was terminated from his job at Bantam Books in 1991 and he opened his own company as a book packager. As of May 11, 1992, he had total gross income received and anticipated for 1992 of $93,500.00. This works out on an annual basis to weekly wages of $1,798.00, all as shown on his financial affidavit. The actual income received and the anticipated income were all spelled out on his financial affidavit. He indicated that he had certain expenses that had to be deducted from his gross income and his net weekly income, therefore, was $668.00. He did, however, agree that some of the business expenses were anticipated. The anticipated expenses were approximately $146.00 per week.
The husband's attorney, on May 14th, filed a sheet under the child support guidelines showing what he contemplated was the husband's responsibility under the guidelines. The husband showed net income of $814.00 in computing that weekly child support amount. He computed the guidelines' amount to be $289.00.
The wife has relocated and taken a job with the Department of the Interior, Bureau of Reclamation, as a landscape architect and lives in Idaho. The children live with her. Her gross income is $725.00 per week and her net weekly income is $429.58. In addition, the wife's financial affidavit shows that she makes contributions to a pension plan of $5.80 per week and retirement and savings plans of $36.26. She is providing for some savings for the future. Despite the husband's reductions in payments starting in August of 1991, the wife's debt outside of attorney's fees is only approximately $2,000.00.
The court has listened to the parties and their testimony and the arguments of counsel. The court has reviewed the past financial affidavits of the parties and their current ones along with the separation agreement made an order of the court. The court has reviewed all of the exhibits in the case and the child support guideline computations. The court has taken into consideration all of the statutory criteria under Connecticut General Statutes 46b-82, the alimony statute;46b-84, the child support statute; 46b-82, attorney's fees; and the child support guidelines and the criteria therein for deviation. The court has also taken into consideration 46b-86.
It is clear to this court that the husband's income is down and the wife's income is up. It is difficult for this court to compare expenses since they have dramatically altered them since the dissolution of marriage and both of the parties have put their greatest emphasis on the income and/or earning CT Page 6600 capacity of the husband. The wife argues that we should be considering earning capacity rather than actual earnings. The court has rejected this argument in this case. It may be at some time in the future that this man will be earning substantially more and she may petition the court for relief, but at this time, his income is down. His earnings now are his earning capacity. In fact, he was fired from Bantam Books where he had earned $160,000.00 per year with a bonus in 1990. It is also clear from the husband's testimony that during 1991 he earned more than he did at the time of the dissolution being approximately $125,000.00. In 1992 we have seen his income actual and anticipated on his financial affidavit.
The parties by agreement have made the orders retroactive until August 1, 1991. The court finds that the husband's motion for modification downward and the wife's motion for modification upward during the period August through December, 1991, is denied. The husband was unemployed at the time but he made gross for 1991 approximately $125,000.00. Accordingly, this court's finding is that the husband is in arrears $16,000.00 for the year 1991 as of May 4, 1992. This number is based on the trial court's notes during the time of trial based on payments made against the original order. This court has made that order of $3,600.00 effective for the entire year 1991. If there is dispute as to the amount of the arrearage for 1991, the matter is referred to family relations for mediation and then referred back to this court for further proceedings
The arrearage of $16,000.00 is to be paid pursuant to section 17-578 (b)-5 at the rate of $50.00 per week.
The court finds that the husband's motion for downward modification from January 1, 1992 should be granted and the wife's motion for modification upward should be denied. The arrearage of $11,000.00 for the year 1992, as claimed by the wife, is found not to exist since this court finds that a reasonable and fair payment is the sum of $1,400.00 per month. The child support guidelines at $289.00 per week computes out to $1,243.00 per month child support. This court orders that to be paid. The husband is ordered to pay $157.00 per month as alimony for a total monthly payment of $1,400.00. Since the husband has been paying this sum during the months of February, March, April and May, there is no arrearage. Also, it appears that in January the husband paid $1,500.00. If that is correct, then he is entitled to a credit of $100.00 against the arrearage found for 1991 of $16,000.00, and he may reduce the $16,000.00 so that it is $15,900.00 and to be paid off as hereinbefore set forth. CT Page 6601
The court finds that the husband does not have the financial ability to contribute to the wife's counsel fees. Accordingly, no counsel fees are awarded to the wife.
In order to protect the wife and children, the husband is ordered to provide his wife with a statement, under oath, in September, December, April and June of his gross earnings and his gross business expenses for the period covered. He is to send her a copy of his federal income tax return at the time he files it with Internal Revenue Services. He is, further, to provide the wife with a copy of his 1991 tax return when it is filed along with tax returns for each subsequent year until he is no longer paying alimony and/or child support.
EDWARD R. KARAZIN, JR., JUDGE